IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENISE COYLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-02645-M |
| | § | |
| EXPERIAN INFORMATION SOLUTIONS, | § | |
| INC., and TRANS UNION, LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING THE MOTION FOR JUDGMENT ON THE PLEADINGS
FILED BY DEFENDANTS EXPERIAN INFORMATION SOLUTIONS, INC.,
AND TRANS UNION, LLC**

Before the Court is the Motion for Judgment on the Pleadings of Defendants Experian Information Solutions, Inc., and Trans Union, LLC. (ECF No. 23). For the following reasons, the Motion is **GRANTED**.

**I.     Factual and Procedural Background**

Plaintiff, Genise Coyle, is a consumer. (ECF No. 1 ¶ 2). Defendants Experian Information Solutions, Inc., and Trans Union, LLC, are consumer reporting agencies ("the CRA Defendants"). (*Id.* ¶ 1). Defendant Nationstar Mortgage, LLC, issues mortgages and provides consumer information to consumer reporting agencies. (*Id.*)

The following allegations in the Complaint are taken as true.

In March 2010, Plaintiff secured a mortgage, which was transferred to Bank of America. (*Id.* ¶ 10).

In March of 2016, Plaintiff filed for bankruptcy. (*Id.* ¶ 12). In May of 2016, Plaintiff reaffirmed the Bank of America mortgage. (*Id.* ¶ 13). In April of 2017, the Bank of America

mortgage was transferred to Defendant Nationstar.  (*Id.* ¶ 11).  On or about July 30, 2019, Plaintiff disputed the accuracy of her credit reports from the CRA Defendants, due to the absence of the Nationstar mortgage, and requested that each add that mortgage.  (*Id.* ¶ 13).  None of the CRA Defendants did so.  (*Id.* ¶¶ 24–37).

On November 7, 2019, Plaintiff filed this suit against the CRA Defendants, under the Fair Credit Reporting Act (FCRA) for omitting the Nationstar mortgage from her credit reports. (ECF No. 1); *see also* 15 U.S.C. § 1681, et seq.  Plaintiff also sued Nationstar under the FCRA for allegedly failing to report the Nationstar mortgage to the CRA Defendants.

On January 21, 2020, Defendant Experian moved for judgment on the pleadings, which Defendant Trans Union later joined.  (ECF Nos. 23, 24).

## II.     Legal Standard

The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss.  *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007); *see also* Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 12(b)(6).  The Court accepts well-pleaded facts as true, viewing them in the light most favorable to the Plaintiff.  *Id.* (internal quotations omitted).  To survive a motion to dismiss, a complaint must contain enough facts to state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when it asserts facts that allow the Court "to draw the reasonable inference that the [Defendants are] liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This determination is context-specific and requires the Court to draw upon its own experience and common sense.  *Id.*

## III. Analysis

Plaintiff claims the CRA Defendants violated two provisions of the FCRA: Section 1681e(b) and Section 1681i.  Section 1681e(b) requires a consumer reporting agency to "follow reasonable procedures to assure maximum possible accuracy of the information" in a consumer's report.  15 U.S.C. § 1681e(b).  Section 1681i requires a consumer reporting agency to "conduct a reasonable reinvestigation" if "the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer."  15 U.S.C. § 1681i(a)(1)(A).

To prevail on a claim "under either Section 1681e(b) or Section 1681i, [a plaintiff] must prove that [her] consumer reports included inaccurate information."  *Hammer v. Equifax Info. Servs., LLC*, No. 3:18-CV-1502-C, 2019 WL 7602463, at *2 (N.D. Tex. Jan. 16, 2019) (quoting *McDonald v. Equifax Inc.*, No. 3:15-CV-3212-B, 2017 WL 879224, at *6 (N.D. Tex. Mar. 6, 2017) (internal citations omitted)).  Plaintiff does not allege that her credit reports contained inaccurate information, but instead that the credit reports were inaccurate because they omitted her Nationstar mortgage.

A number of trial courts, including one in this district, have held that a consumer reporting agency is not required to include a particular account in a credit report.  *See, e.g., Hammer*, 2019 WL 7602463, at *2 (granting motion to dismiss where allegation was only that a particular account was not reported, because "the FCRA does not impose . . . an affirmative duty upon credit reporting agencies to report trade lines"); *Desautel v. Experian Info. Sol., LLC*, No. 19-CV-2836 (PJS/LIB), 2020 WL 2215736, at *3 (D. Minn. May 7, 2020) (holding that omitting an account does not violate the FCRA, because "a [consumer reporting agency] has no obligation to include a tradeline on a credit report . . . [A] credit report is not 'inaccurate' or 'materially

3

misleading' simply because it does not mention a particular tradeline"); *Childress v. Experian Info. Sols., Inc.*, 790 F.3d 745, 747 (7th Cir. 2015) (explaining that it would be unreasonable to require the reporting of additional information that would have made the credit report "fully precise" and citing the Federal Trade Commission for the notion that "consumer reporting agencies are not required to include all existing or derogatory or favorable information about a consumer in their reports"); *Davis v. Equifax Info. Servs. LLC*, 346 F. Supp. 2d 1164, 1171 (N.D. Ala. 2004) ("The FCRA does not specifically require a reporting agency to affirmatively add credit data to a report"); *Aclys Int'l, LLC v. Equifax, Inc.*, No. 2:08-CV-00954, 2010 WL 1816248, at *3 (D. Utah May 5, 2010) ("[The] FCRA does not require credit reporting agencies to include all relevant information about an individual, only that the information present on a credit report be accurate"), *aff'd sub nom. Aclys Int'l v. Equifax*, 438 F. App'x 689 (10th Cir. 2011); *Swanson v. Central Bank & Trust Co.*, No. CIV.A. 5:03-255-JMH, 2005 WL 1719363, at *2 (E.D. Ky. July 14, 2005) (holding that "the FCRA requires only that the information contained in a credit report be accurate," so plaintiffs' claims "that their credit reports were incomplete and misleading because certain information was deleted" could not prevail).

Guidance from the Federal Trade Commission, the agency formerly charged with enforcing the FCRA, supports this conclusion:

> No right to add new accounts to file. A [consumer reporting agency] is not required to create new files on consumers for whom it has no file, nor is it required to add information about accounts not reflected in an existing file, because consumers may dispute only the completeness or accuracy of particular items of information *in the file*.

Federal Trade Comm'n, *40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations* 76 (2011) (emphasis added).

Plaintiff relies on *Sepulvado v. CSC Credit Services, Inc.*, 158 F.3d 890 (5th Cir. 1998), to argue that the omission of an account can violate the FCRA. However, in *Sepulvado*, the Fifth Circuit did not address an omission; it specifically rejected a requirement in the FCRA of "completeness." *Compare with Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 38 (D.C. Cir. 1984) (holding that reporting that a debt was referred to collections, but failing to report that the same debt was later paid, could be misleading). This Court agrees with those courts that have held that an omission of a particular obligation from a credit report is not an FCRA violation. Accordingly, Plaintiff has not plausibly pleaded a violation of the FCRA by the CRA Defendants.

Plaintiff seeks leave to amend her Complaint to include a count for the CRA Defendants' conduct as it pertains to the Bank of America mortgage. (ECF No. 29 at 18; *see also* ECF No. 1 ¶¶ 10–13). Leave to amend is freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiff states that her credit reports with the CRA Defendants included the Bank of America mortgage, but not the Nationstar mortgage. In her response to the Motion, Plaintiff states that the CRA Defendants incorrectly reported her Bank of America mortgage by stating that she made late payments in either June or July 2016. (ECF No. 29 at 5). Plaintiff claims she made "nothing but timely payments" after she reaffirmed her Bank of America mortgage in May 2016. (*Id.*) The Court does not possess sufficient facts to determine whether Plaintiff made the reported late mortgage payments, and thus it appears that Plaintiff could plausibly claim that the CRA Defendants violated the FCRA by reporting the Bank of America mortgage inaccurately. The Court therefore grants Plaintiff leave to amend her Complaint.

For the aforementioned reasons, the Motion for Judgment on the Pleadings is **GRANTED**. Plaintiff's claims relating to the Nationstar mortgage are **DISMISSED**; however,

Plaintiff is granted leave to amend her Complaint within thirty days of the date of this Order only to cite the CRA Defendants' conduct as it pertains to their reporting of the Bank of America mortgage. The Court cannot now conclude that the claim is futile because that conclusion depends on the resolution of factual disputes. If an Amended Complaint is not filed in the time provided, Plaintiff's claims against Defendants Experian and Trans Union will be dismissed with prejudice.

    **SO ORDERED**.

    June 7, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE